**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3592-16T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

FUQUAN STRIBLING, a/k/a
FUQUAM SCRIBLING, JOHN
L. MURRAY, FU SCRIBLING,
FUGUAN SCRIBLING, FUQUAN
L. STRIBLING, FUGUAN
T. STRIBLING, FUQUAN L.
SCRIBLING, and FUGUAN T.
STRIBING,

    Defendant-Appellant.

_____

Submitted October 22, 2018 – Decided November 1, 2018

Before Judges Sabatino and Mitterhoff.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 09-11-0986.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the briefs).

Michael A. Monahan, Acting Union County Prosecutor, attorney for respondent (Michele C. Buckley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the briefs).

PER CURIAM

Defendant Fuquan Stribling, who a jury in 2012 found guilty of various crimes, appeals the trial court's February 7, 2017 order denying his petition for post-conviction relief ("PCR") without an evidentiary hearing. The primary issue raised by defendant is that his trial counsel were ineffective. Among other things, defendant contends that his counsel's fee arrangements concerning his criminal defense and a related civil lawsuit caused them to give short shrift to the criminal matter.

For the reasons that follow, we remand this matter for an evidentiary hearing, with testimony exploring in greater depth the fee arrangements and whether they materially prejudiced defendant in his criminal case.

I.

In March 2012, defendant was tried by a jury on an eleven-count indictment, including eight counts of aggravated assault, N.J.S.A. 2C:12-1(b), for using his vehicle to strike or attempt to strike Hillside Township police officers, along with one count of second-degree eluding, N.J.S.A. 2C:29-2(b), one count of fourth-degree obstructing the administration of law, N.J.S.A.

2C:29-1, and one count of third-degree possession of a weapon for an unlawful purpose, in violation of N.J.S.A. 2C:39-4(d).

The charges arose out of an incident that occurred in the early morning hours of March 30, 2009, in which, after two Hillside police officers attempted a traffic stop, defendant drove at them, injuring one officer, and then the officers began firing their weapons at defendant. Defendant then rammed his vehicle repeatedly into a second police vehicle that had arrived as backup. The second set of police officers also fired rounds at defendant, who was ultimately struck by seven bullets, suffering gunshot wounds to the arm, neck, back, chest, shoulder, and leg.

The jury acquitted defendant on count seven, one of the aggravated assault counts, but found him guilty of the remaining ten charges. The court sentenced defendant to a twenty-year aggregate term of incarceration with an eighty-five percent period of parole ineligibility under the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2. Defendant appealed his convictions and sentence, which we affirmed in an unpublished opinion, State v. Stribling, No. A-1147-12 (App. Div. Apr. 23, 2015). The Supreme Court denied certification. State v. Stribling, 222 N.J. 311 (2015).

Thereafter, in February 2016, defendant filed a petition for PCR, alleging that he had received ineffective assistance of trial counsel. Defendant had been represented throughout his criminal trial by two private attorneys: Vincent C. Scoca and Maurice Snipes. Although the record is not entirely clear, it appears that Scoca and Snipes were not law partners but shared an office address.

In his sworn affidavit in support of his petition, defendant alleged "there was a conflict of interest" in his counsels' representation, because his attorneys had also represented him in a civil lawsuit against Union County and other governmental defendants. Defendant asserted his attorneys did not actually file suit, and he did not pay his counsel "one penny" for representing him because they allegedly expected "to be paid from [the] lawsuit."

Defendant further alleged that his attorneys failed to present him "with all the material information he needed in making his decision to accept a plea offer or exercise his right to trial by jury" and failed to advise him that he was subject to an extended term sentence. Defendant also alleged that he only met his attorneys once prior to trial, that they failed to properly investigate his claim, and that they made other trial errors.

Relying on documents from the State's appendix to its brief opposing defendant's petition, the PCR judge found that on June 7, 2011, Snipes filed a

civil action in the Law Division on defendant's behalf against Union County, Hillside Township, the Hillside Police Department, and various police officers who had been involved in the shooting.  The civil action was removed to federal court in October 2011, and then dismissed with prejudice by stipulation of the parties in June 2012.

From his review of the submitted written materials, the PCR judge also determined that, with respect to the fee arrangement, Scoca, defendant's lead criminal attorney, who examined most of the witnesses and presented the opening and closing statements at the criminal trial, "had absolutely no involvement or interest in the outcome of defendant's civil matter."  Although the judge recognized Snipes was involved in the criminal matter, the judge found that defendant failed to demonstrate how Snipes' joint representation of defendant in the two cases prejudiced him or posed a conflict of interest.

The PCR judge similarly rejected defendant's claim that his former counsel failed to conduct an adequate investigation as lacking in factual support.  Finding that defendant had failed to set forth a prima facie basis for relief, the judge denied PCR without an evidentiary hearing.

A-3592-16T1

II.

On the present appeal from the PCR denial, defendant raises the following points in his initial brief:

> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A <u>PRIMA FACIE</u> CASE OF TRIAL COUNSEL'S INEFFECTIVENESS.
>
> A. There Existed A Conflict Of Interest Regarding Trial Counsel's Representation.
>
> B. Trial Counsel Failed To Adequately Consult With Defendant And To Conduct An Adequate Investigation.

Fundamentally, defendant claims that the PCR court erred by denying him an evidentiary hearing, because he established a prima facie showing of ineffective assistance of counsel.

First, defendant alleges his attorneys' contingent interest in the civil action and lack of compensation in the criminal matter was a conflict of interest that compromised counsels' representation of him. Defendant argues that an evidentiary hearing was warranted to determine whether counsels' dual representation of defendant in the criminal and civil matters and the associated fee arrangements was a per se conflict of interest, in which prejudice should be presumed.

6

Second, defendant raises a related claim that his trial attorneys failed to consult with him and to investigate on his behalf and that, even if there was no contingent fee arrangement, an evidentiary hearing was warranted to determine whether the attorneys' lack of a paid fee led to counsel's alleged failure to adequately investigate the criminal case.[1]

A.

We are guided by certain well-settled general principles. "Both the United States Constitution and New Jersey Constitution guarantee every person accused of a crime the right to the assistance of counsel." State v. Cottle, 194 N.J. 449, 466 (2008). See U.S. Const. amend. VI; N.J. Const. art. I, ¶ 10. "Inherent in the right to the assistance of counsel is the right to effective counsel." Cottle, 194 N.J. at 466. To prevail on an ineffective assistance of counsel claim, a PCR petitioner bears the burden of proving both prongs of the test set forth by the

---

[1] Defendant alleged a third claim of attorney error that was dismissed as procedurally barred. Because defendant does not challenge that dismissal, the third claim is waived. See { TA \l "Drinker Biddle & Reath LLP v. New Jersey Dept. of Law and Public Safety, Division of Law, 421 N.J. Super. 489 (App. Div. 2011)" \s "WSFTA_810b78b085b54a17bdb3821f48fa6869" \c 3 }Drinker Biddle & Reath LLP v. New Jersey Dep't of Law & Pub. Safety, Div. of Law, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (citing Pressler & Verniero, Current N.J. Court Rules, cmt. 4 on R. 2:6–2 (2011) ("It is, of course, clear that an issue not briefed is deemed waived.")).

U.S. Supreme Court in Strickland v. Washington, 466 U.S. 668, 694 (1984), and adopted by our State in State v. Fritz, 105 N.J. 42, 58 (1987).

"To establish the first prong of the test, defendant must prove that counsel's representation fell below an objective standard of reasonableness, measured by prevailing professional norms." State v. Sheika, 337 N.J. Super. 228, 241 (App. Div. 2001). "To prove the second prong, defendant must show 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Ibid. (quoting Strickland, 466 U.S. at 694).

In determining whether defendant has met his burden of making a prima facie showing of ineffective assistance, the facts should be viewed in the light "most favorabl[e] to defendant" and the court should "assum[e] defendant's statements to be true." State v. Brewster, 429 N.J. Super. 387, 396 (App. Div. 2013). Accord State v. Preciose, 129 N.J. 451, 463-64 (1992). However, if the PCR court "perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to post-conviction relief . . . or that the defendant's allegations are too vague, conclusory, or speculative to warrant an evidentiary hearing . . . then an evidentiary hearing need not be granted." State v. Marshall, 148 N.J. 89, 158 (1997); see also R. 3:22-10(b). "[D]efendant

must allege specific facts and evidence supporting his allegations." State v. Porter, 216 N.J. 343, 355 (2013).

Although ineffective assistance of counsel claims are "more likely to require an evidentiary hearing" than other PCR claims, to obtain such a hearing, the defendant must first demonstrate a prima facie case of ineffective assistance of counsel and a reasonable likelihood of success on the merits of both prongs of the Strickland/Fritz test. Preciose, 129 N.J. at 462-63. "The judge deciding a PCR claim should conduct an evidentiary hearing when there are disputed issues of material fact related to the defendant's entitlement to PCR, particularly when the dispute regards events and conversations that occur off the record or outside the presence of the judge." Porter, 216 N.J. at 354.

The denial of an evidentiary hearing for a PCR petition is reviewed for an abuse of discretion. Brewster, 429 N.J. Super. at 401. However, reviewing courts "may exercise de novo review over the factual inferences the trial court has drawn from the documentary record." State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014).

If the prejudice prong is not met, "the Sixth Amendment guarantee is generally not implicated." United States v. Cronic, 466 U.S. 648, 658 (1984). "There are, however, circumstances that are so likely to prejudice the accused

that the cost of litigating their effect in a particular case is unjustified."  Ibid.
"Thus, only when surrounding circumstances justify a presumption of ineffectiveness can a Sixth Amendment claim be sufficient without inquiry into counsel's actual performance at trial" under prong two of the Strickland/Fritz test. Id. at 662.  Such circumstances include the "[a]ctual or constructive denial of the assistance of counsel altogether," and "when counsel is burdened by an actual conflict of interest."  Strickland, 466 U.S. at 692.  The presumption of prejudice is appropriate in the latter context specifically because "it is difficult to measure the precise effect on the defense of representation corrupted by conflicting interests."  Ibid.

### B.

With these general principles in mind, we turn to the conflict of interest issues that defendant has posed.

"Effective counsel must provide the client with undivided loyalty and representation 'untrammeled and unimpaired' by conflicting interests."  State v. Norman, 151 N.J. 5, 23 (1997) (quoting State v. Bellucci, 81 N.J. 531, 538 (1980)).  "There is no greater impairment of a defendant's constitutional right to counsel than that which can occur when his attorney is serving conflicting interests.  The resulting representation may be more harmful than the complete

absence of a lawyer." <u>Bellucci</u>, 81 N.J. at 538. <u>Accord</u> <u>Sheika</u>, 337 N.J. Super. at 244.

In the federal courts, the mere "possibility" of a conflict of interest "is insufficient to impugn a criminal conviction." <u>Cuyler v. Sullivan</u>, 446 U.S. 335, 350 (1980). To avoid the prejudice inquiry under prong two of <u>Strickland</u>, a defendant bringing an ineffective assistance of counsel claim under the Sixth Amendment must prove an "actual" rather than a mere "potential" conflict of interest and also that "the conflict adversely affected counsel's performance." <u>Mickens v. Taylor</u>, 535 U.S. 162, 170 (2002).

New Jersey courts, however, have departed from their federal counterparts and "have exhibited a much lower tolerance for conflict-ridden representation under the New Jersey Constitution than federal courts have under the United States Constitution[,]" and have accordingly found that "certain attorney conflicts render the representation per se ineffective[,]" warranting a presumption of prejudice. <u>Cottle</u>, 194 N.J. at 470. <u>See also</u> <u>State v. Drisco</u>, 355 N.J. Super. 283, 292 (App. Div. 2002) ("New Jersey's constitutional standard thus provides broader protection against conflicts than does the Federal Constitution.").

11 <span>A-3592-16T1</span>

Under New Jersey's "two-tiered approach in analyzing whether a conflict of interest has deprived a defendant of his state constitutional right to the effective assistance of counsel[,]" courts must first determine whether the alleged conflict is a "per se conflict." Cottle, 194 N.J. at 467. If so, "prejudice is presumed in the absence of a valid waiver, and the reversal of a conviction is mandated." Ibid. If the alleged conflict is not a per se conflict, "the potential or actual conflict of interest must be evaluated and, if significant, a great likelihood of prejudice must be shown in that particular case to establish constitutionally defective representation of counsel." Norman, 151 N.J. at 25. A "great likelihood of prejudice" is itself a lower standard than prong two of the Strickland/Fritz test, which requires showing that counsel's errors actually "prejudiced defendant." Fritz, 105 N.J. at 66.

The "per se analysis is reserved for those cases in which counsel's performance is so likely to prejudice the accused that it is tantamount to a complete denial of counsel." State v. Savage, 120 N.J. 594, 616 (1990). See also State v. Miller, 216 N.J. 40, 70 (2013) ("[O]nly an extraordinary deprivation of the assistance of counsel triggers a presumption of prejudice."). For a conflict of interest to trigger a per se deprivation of the right to counsel there must be an "overriding concern of divided loyalties." Cottle, 194 N.J. at 467 n.8. For these

reasons, our Supreme Court "has never presumed prejudice . . . in a situation . . . in which the defendant was represented by competent counsel with no conflict of interest." Miller, 216 N.J. at 60-61.

Courts have generally "limited the per se conflict on constitutional grounds to cases in which 'a private attorney, or any lawyer associated with that attorney, is involved in simultaneous dual representations of codefendants.'" Cottle, 194 N.J. at 467 (quoting Norman, 151 N.J. at 24-25). See, e.g., State ex rel. S.G., 175 N.J. 132, 134–35 (2003) (holding that a law firm's simultaneous representation of a shooting suspect and the estate of the shooting victim constituted an unwaivable conflict of interest); State v. Murray, 162 N.J. 240, 250 (2000) (holding that the defendant made a prima facie showing of a per se conflict warranting an evidentiary hearing, where the attorneys for defendant and a codefendant shared "office space and a phone number"); Bellucci, 81 N.J. at 544 ("Whenever the same counsel including partners or office associates represents more than one [co]defendant, both the attorney and the trial court must explain the possible consequences of joint representation to each defendant.").

C.

After the briefs were filed in this appeal, we asked the parties to address "whether Rule of Professional Conduct ("RPC") 1.5(d) (prohibiting counsel from representing a client on a contingent fee basis in a criminal case) has any bearing on defendant's PCR claims," and to explain:

> (1) whether Mr. Snipes represented defendant in the related civil matter on a contingency basis;
>
> (2) the fee arrangement covering Mr. Snipes' time and services he expended in assisting Mr. Scoca in the criminal case; and
>
> (3) whether the retainer agreements, any side letters, any other documents, or oral communications reflect any promise or expectation that, as defendant alleges, a recovery from the civil case would be applied in full or in part to compensate Mr. Scoca for his otherwise gratuitous representation of defendant in the criminal matter.

Both sides agree that the record contains no definitive answers to the above questions. Defendant seeks a remand for an evidentiary hearing to resolve them. The State urges we affirm the court's dismissal of the petition without an evidentiary hearing, arguing that the court properly held that defendant failed to make a prima facie showing of ineffective assistance, thereby making a hearing unnecessary.

The RPC provision at issue provides that "[a] lawyer shall not enter into an arrangement for, charge, or collect . . . a contingent fee for representing a

14

defendant in a criminal case."  RPC 1.5(d)(2).  See also Restatement (First) of Contracts § 542 ("A bargain to conduct a criminal case . . . in consideration of a promise of a fee contingent on success is illegal.").

Defendant argues that the contingency agreement in the civil case resulted in an absence of compensation for either attorney in the criminal case, which he asserts was an "inherent conflict of interest" that violated RPC 1.5(d) and public policy and established a prima facie basis for PCR, necessitating an evidentiary hearing.

The State concedes in its response that "if counsel represented defendant in his criminal matter on a contingency basis, that factor may bear on defendant's PCR claims," particularly whether counsel's "purported financial interest in the success of defendant's civil case" discouraged counsel from "effectively explor[ing] all possible resolutions in defendant's criminal case." (emphasis added).  The State contends that the court properly denied an evidentiary hearing, however, because defendant failed to show that counsel's fee for the criminal matter was actually contingent on the civil case, rather than the alternative possibility that Scoca may have completely and unconditionally "waived his fee" in the criminal case – which defendant conceded would have been permissible.  Given the ambiguity, the State argues, defendant failed to

carry his burden of making a prima facie claim of ineffective assistance of counsel, calling for affirmance of the order denying the claim without an evidentiary hearing.

A conflict of interest generally exists under our Rules of Professional Responsibility if "the representation of one client will be directly adverse to another client," or if "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person <u>or by a personal interest of the lawyer</u>." RPC 1.7(a)(1) to (2) (emphasis added).

Here, Scoca and Snipes represented defendant in his criminal case and Snipes also represented defendant as a civil plaintiff arising out of the same events. Because the attorneys represented defendant's own interests in both matters, their representations of that singular client were not "adverse." RPC 1.7(a). However, defendant suggests there existed a "significant risk that the representation of" defendant could "be materially limited . . . by a personal interest of the lawyer," because of the alleged contingent fee arrangement in the civil matter. RPC 1.7(a).

Defendant alleges in his sworn PCR petition that Scoca and Snipes received no fee for representing defendant in the criminal case because they

supposedly had expected to be compensated out of damages that might be awarded to him from the civil suit.

Assuming for the sake of discussion that the attorneys did enter into a contingent fee arrangement extending to the criminal matter, in alleged violation of RPC 1.5(d)(2), and that their alleged preoccupation with the civil case actually led to insufficient investigation and attention to the criminal case, defendant made a prima facie showing that the representation fell "below an objective standard of reasonableness, measured by prevailing professional norms." Sheika, 337 N.J. Super. at 241.

The PCR court's conclusive finding that Scoca "had no interest, financial or otherwise, in the outcome of the civil case" did not expressly account for defendant's sworn statement alleging that "they" – referring to both Scoca and Snipes – were to be paid from the proceeds of the civil lawsuit for the combined work they performed in the two matters. In deciding whether to grant an evidentiary hearing, we bear in mind defendant's sworn (albeit undocumented) allegation that such a fee arrangement existed between him and his attorneys. See Brewster, 429 N.J. Super. at 396.

Given the prospect, squarely presented in the pleadings, that counsels' representation of defendant was prejudiced in some manner by their financial

17

interest in defendant's civil case and its alleged nexus with the criminal case, and the murkiness of the existing record devoid of any testimony, the matter is best remanded for an evidentiary hearing "for further exploration of the facts and development of the record." Sheika, 337 N.J. Super. at 246-47.

On remand, we anticipate the PCR court will consider testimony from the two attorneys who represented defendant, and perhaps defendant himself if he so chooses, and make associated credibility findings. The pertinent fee agreement(s) also should be produced and analyzed.

After sifting that additional evidence, we ask that the trial court provide a decision that addresses in greater depth the issues of alleged conflict, deficient performance, and prejudice. In calling for this hearing, we by no means intimate any view as to whether the fee arrangement was actually inappropriate or whether counsel engaged in deficient performance that harmed their client's interests.

Remanded for an evidentiary hearing. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3592-16T1